**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Mamadou Cisse,<br><br>Petitioner<br>v.<br><br>Mattos, et al.,<br><br>Respondents | Case No.: 2:26-cv-02116-JAD-NJK<br><br>**Order Denying Habeas Petition and Denying Motion to Dismiss as Moot**<br><br>[ECF Nos. 11, 15] |

Petitioner Mamadou Cisse is a Senegalese citizen who entered the United States in 2023. He was arrested by local law enforcement in April 2025 on domestic-violence charges and was transferred to Immigration and Customs Enforcement (ICE) custody a few days later. He has been in ICE detention at the Nevada Southern Detention Center (NSDC) in Pahrump, Nevada, since his arrest. I granted Cisse's first habeas petition because he didn't receive a custody-redetermination hearing after his arrest. He now brings another habeas petition, alleging that his court-ordered bond hearing violated his due-process rights because he received insufficient notice of the hearing and the hearing itself was constitutionally inadequate. The government moves to dismiss Cisse's petition, arguing that he failed to exhaust his administrative remedies, that the immigration judge's flight-risk determination did not violate due process, and that three days was sufficient notice for his bond hearing.

Even if the government's notice of the bond hearing was inadequate, Cisse fails to show that the insufficient notice prejudiced him, so I deny his habeas petition on that theory. And because the immigration judge did not abuse her discretion by determining that Cisse was a flight risk, I cannot grant habeas relief on that ground either. So I deny Cisse's petition and I deny as moot the government's motion to dismiss.

## Background

Petitioner Mamadou Cisse is a citizen of Senegal. He unlawfully entered the United States in August 2023.[1] In April 2025, Cisse was arrested by Las Vegas Metropolitan Police officers on felony domestic-violence charges and later pled no contest to a misdemeanor version of that crime.[2] ICE agents lodged an immigration detainer against him and took him into immigration custody on April 8, 2025.[3] Cisse applied for asylum, but that request was denied.[4] His Ninth Circuit appeal of that decision remains pending.[5]

Cisse has been in immigration detention at NSDC since his April 2025 arrest. He moved for a bond hearing on May 7, 2025.[6] A week later, an immigration judge (IJ) denied bond, concluding that he was a danger to the community because of his domestic-violence arrest.[7] Cisse filed a habeas petition in February 2026, and I ordered the government to conduct a custody redetermination hearing because his detention under 8 U.S.C. § 1226(a) entitled him to one.[8] The IJ held a bond hearing in June and again denied bond, finding that Cisse posed a flight risk.[9] Cisse now brings another habeas petition, alleging that his bond hearing was

---

[1] ECF No. 11 at 4.

[2] *Id.*

[3] *Id.*

[4] *Id.*

[5] *See Cisse v. Blanche*, Case No. 26-3421 (9th Cir.); ECF No. 12 at 6:35–7:25.

[6] ECF No. 11 at 4.

[7] *Id.*

[8] *See* ECF No. 15, *Cisse v. Bernacke et al.*, Case No. 2:26-cv-00387-JAD-BNW.

[9] ECF No. 11 at 5; ECF No. 11-1 at 2–3 (June 29, 2026, order of the immigration judge)

constitutionally inadequate because he didn't receive sufficient notice of the hearing and the IJ had insufficient evidence that he was a flight risk.[10]

The government responds by moving to dismiss Cisse's petition. It contends that he needed to exhaust his administrative remedies before filing another habeas petition.[11] It also argues that the IJ did not abuse her discretion by determining that Cisse posed a flight risk because the IJ considered his minimal family ties, three residences in two years, and unlikely path to legally remain in the United States.[12] The government concludes that Cisse's lack-of-notice claim is "erroneous" because he received three days' notice of the hearing and told the IJ at his bond hearing that he was ready to proceed without an attorney.[13] So the government moves to dismiss Cisse's habeas petition without prejudice or to stay the petition until he exhausts his administrative remedies.

## Discussion

### A. This court has jurisdiction over Cisse's claims.

The constitution makes a writ of habeas corpus "available to every individual detained in the United States."[14] That writ permits a person who is in custody to challenge the legality of his detention, and the court has the authority to release the petitioner if it determines that he is illegally detained. The court's habeas jurisdiction encompasses a noncitizen's challenge to his detention under United States immigration laws.[15]

---

[10] ECF No. 11 at 5–6.

[11] ECF No. 15 at 2–3.

[12] *Id.*

[13] *Id.* at 5; ECF No. 12 at 1:34–2:05.

[14] *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art 1, § 9, cl. 2).

[15] *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

**B. Cisse fails to show that he was prejudiced by the government's insufficient notice.**

The due-process clause requires that noncitizens receive notice reasonably calculated to warn them about removal proceedings.[16] Notice is not reasonably calculated if "the government knows its method of service was ineffective and takes no additional steps to effect notice that are reasonably available to it."[17] A noncitizen's due-process rights are violated if "(1) the proceeding was so fundamentally unfair that the noncitizen was prevented from reasonably presenting his case, and (2) the noncitizen demonstrates prejudice."[18] Due-process violations are prejudicial only if the petitioner shows that "the outcome of the proceeding *may* have been affected by the alleged violation."[19]

Cisse alleges on information and belief that the government failed to provide him with adequate notice of his June 29, 2026, bond hearing.[20] The government mailed Cisse a "notice of custody redetermination hearing" on June 26, 2026.[21] When Cisse initially filed his habeas petition, before the court assigned counsel, he attached the hearing notice and its envelope.[22] The envelope is dated June 29, 2026, the same day as his hearing.[23] And in his counseled

---

[16] *United States v. Rivera-Valdes*, 157 F.4th 978, 988 (9th Cir. 2025) (en banc) (citing *Jones v. Flowers*, 547 U.S. 220, 226 (2006)).

[17] *Id.* at 989.

[18] *Arizmendi-Medina v. Garland*, 69 F.4th 1043, 1048 (9th Cir. 2023) (cleaned up) (quoting *Zetino v. Holder*, 622 F.3d 1007, 1013 (9th Cir. 2010)).

[19] *Flores-Rodriguez v. Garland*, 8 F.4th 1108, 1113 (9th Cir. 2021) (quoting *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000)).

[20] ECF No. 11 at 6.

[21] ECF No. 15-6.

[22] ECF No. 1 at 14–15.

[23] *Id.* at 14.

petition and reply, Cisse maintains that "[i]f the court mailed the document on June 26, it's highly unlikely [that] Mr. Cisse got it that same day."[24]

Mailing a notice the same day as a hearing may not have been reasonably calculated to alert Cisse of the hearing. But regardless of whether notice was sufficient, Cisse must show that the due-process violation may have affected the outcome of his hearing. Cisse doesn't explain how the late notice changed the result of his bond hearing. He states that the government must warn a noncitizen of their custody hearing "reasonably far in advance of the hearing, so the noncitizen can attempt to secure counsel and assemble relevant evidence."[25] But he doesn't allege how he would've prepared differently for the hearing with more notice, such as by retaining counsel or presenting more evidence. And he was able to attend the hearing and testify about his time in the United States, his family ties, his living situation, and his appeal of the IJ's denial of his immigration application.[26] Cisse asks the court to "conclude [that] the lack of proper notice rendered the bond hearing constitutionally inadequate," but improper notice alone doesn't make a hearing unconstitutional if the petitioner fails to show how the outcome would've been different otherwise. So because Cisse hasn't established that the inadequate notice prejudiced him at the custody-redetermination hearing, I deny habeas relief on this theory.

**B. The IJ did not abuse her discretion by denying bond.**

Cisse claims that his bond hearing was inadequate because the IJ had insufficient evidence that he was a flight risk.[27] District courts review an IJ's custody determination for

---

[24] ECF No. 16 at 9.

[25] ECF No. 11 at 6.

[26] ECF No. 11-1 at 2–3.

[27] ECF No. 11 at 6.

abuse of discretion.[28] Under this standard, the court cannot weigh evidence but can determine whether the immigration judge's decision reflects clear legal error or is unsupported by sufficient evidence.[29]

In *Matter of Guerra*, the BIA identified nine factors that an IJ may weigh when considering a custody determination.[30] These factors include whether the petitioner has a fixed address, the length of his residence in the United States, his family ties, employment history, record of court appearance, criminal record and seriousness of offenses, history of immigration violations, attempts to flee authorities, and manner of entry to the United States.[31] An IJ has broad discretion in weighing these factors, but if the decisionmaker misstates the record or fails to mention highly probative or dispositive evidence, the IJ's decision may reflect an abuse of discretion.[32]

Cisse argues that in denying bond, the IJ "abandoned" her previous finding that Cisse was a danger to the community and instead concluded that he "was ineligible for bond based on flight risk."[33] Cisse contends that his movement between three states in two years has little probative value.[34] And he challenges the IJ's determination that he had minimal family ties to the United States because "he described family in Texas [that] he would live with if released."[35] Cisse asks the court to order a renewed bond hearing in which the government bears the burden

---

[28] *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024).

[29] *Id.* at 785; *see Restrepo v. Noem*, 2026 WL 1047688, at *5 (C.D. Cal. Mar. 23, 2026).

[30] *Martinez*, 124 F.4th at 783 (citing *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006)).

[31] *Id.*

[32] *Id.*

[33] ECF No. 11 at 7.

[34] *Id.* at 8.

[35] *Id.*

to show that he is a danger or flight risk.[36] The government responds that the IJ applied the correct burden by placing the preponderance-of-the-evidence standard on Cisse.[37] It argues that the IJ acted within her discretion by considering all of the evidence presented and denying bond.[38]

If proper procedural protections are in place, an IJ has "broad discretion to weigh the listed [*Guerra*] factors and add any factors not mentioned or discount those that are less probative."[39] The IJ weighed Cisse's 2023 unlawful entry to the United States; past residence in three different states; limited familial ties; the denial of his asylum, withholding of removal, and Convention Against Torture Act applications; and his misdemeanor domestic-battery conviction.[40] Because of Cisse's "frequent relocations," "relatively limited family ties," and "the procedural posture of his case," which was denied by the IJ and Board of Immigration Appeals and is currently pending in the Ninth Circuit, the IJ determined that Cisse "present[s] a risk that he will not cooperate with DHS authorities if his appeal is unsuccessful" and therefore "has not met his burden of demonstrating that he is not a risk of flight."[41] So the IJ denied bond and found that no alternatives to detention would be appropriate.[42]

Cisse cites no law precluding the IJ from reconsidering the evidence presented and making a bond determination based on different reasoning. The IJ originally denied bond

---

[36] *Id.* at 8–10.

[37] ECF No. 15 at 3–4.

[38] *Id.* at 4–5.

[39] *Martinez*, 124 F.4th at 783 (citing *Guerra*, 24 I. & N. Dec. at 40).

[40] ECF No. 11-1 at 2.

[41] *Id.* at 2–3.

[42] *Id.* at 3.

finding that Cisse was a danger to the community because of his domestic-battery misdemeanor.[43] But in her new decision, the IJ acknowledged that the victim recanted her telling of a more serious version of the domestic-battery incident.[44] So the IJ put less weight on the dangerousness factor but still found that Cisse should not be released on bond based on the other evidence in the record.[45]

District courts must defer to an IJ's discretion if the decision doesn't show clear legal error or a reliance on insufficient evidence. Here the IJ considered the *Guerra* factors that the Ninth Circuit has determined are sufficient and concluded, based on the evidence presented, that Cisse posed a flight risk.[46] So I deny Cisse's petition for habeas relief and deny as moot the government's motion to dismiss it.[47] And because Cisse is not entitled to relief on the merits of his habeas petition, I do not address the parties' exhaustion arguments.[48]

**Conclusion**

IT IS THEREFORE ORDERED that petitioner Mamadou Cisse's petition for a writ of habeas corpus **[ECF No. 11] is DENIED**.

---

[43] ECF No. 11 at 4.

[44] ECF No. 11-1 at 2; ECF No. 12 at 7:34–10:13.

[45] ECF No 12 at 19:20–26:54.

[46] ECF No. 11-1 at 2–3; *see Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) (explaining that an IJ "considers various factors in making this determination, including the individual's ties to the United States as well as his employment history, criminal record, history of immigration violations, and manner of entry into this country" (citation omitted)).

[47] Because I do not find that another custody-redetermination hearing is appropriate, I don't resolve the parties' burden-shifting arguments.

[48] *See Flournoy v. Small*, 681 F.3d 1000, 1004 n.1 (9th Cir. 2012) ("While we ordinarily resolve the issue of procedural bar prior to any consideration of the merits on habeas review, we are not required to do so when a petition clearly fails on the merits."); *Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002) ("[C]ourts are empowered to, and in some cases should, reach the merits of habeas petitions if they are . . . clearly not meritorious despite an asserted procedural bar.").

IT IS FURTHER ORDERED that the government's motion to dismiss **[ECF No. 15] is DENIED as moot.**

**The Clerk of Court is directed to CLOSE THIS CASE.**

U.S. District Judge Jennifer A. Dorsey
November 10, 2026